FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON EARL CAMPBELL,<br><br>Defendant. | No. 4:20-CR-6018-SAB-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF Nos. 27, 111** |

On Monday, October 05, 2020, the Court conducted a status hearing to consider the United States' Motion for Detention (ECF No. 27) and Defendant's Motion to Modify Conditions of Release (ECF No. 111). Pursuant to General Order 20-101-3 and the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Court found that video conferencing was not reasonably available for Defendant. With his consent, Defendant appeared by telephone, represented by Scott Johnson. Assistant United States Attorney Caitlin Baunsgard represented the United States.

On Friday, September 04, 2020, the Court ordered that Defendant be temporarily released from custody for the purposes of participating in inpatient treatment at American Behavioral Health Services (ABHS) in Spokane and deferred ruling on the United States' Motion for Detention (ECF No. 27) until

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION - 1

Defendant completed treatment at ABHS.  ECF No. 103.  Defendant completed his treatment at ABHS and was released on Monday, October 05, 2020.

Defendant requested that the Court modify his conditions of release to allow him to reside with either his mother or his wife and to be placed on location monitoring.  ECF No. 111.  The Court has considered this proposed release plans, the pretrial service reports (ECF Nos. 34, 67, 75, and 115), the arguments and proffers of the parties, and evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there were conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.  Based on these factors as outlined at the hearing and in this order, the Court denies Defendant's motion to modify and grants the United States' Motion for Detention.

Due to the nature of the charge, there is a rebuttable presumption of detention in this case.  Defendant is charged with conspiring to distribute fentanyl and possession with intent to distribute fentanyl.  The United States proffered that Defendant was involved in trafficking large quantities of fentanyl, which involved him making trips between Mexico and the United States.  It was proffered that after a return from Mexico, a search was executed on his backpack and law

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION - 2

enforcement located 15,000 fentanyl pills.  It was proffered that one of Defendant's proposed release addresses—the residence where he lived with his wife prior to his arrest—was subject to a search warrant where loose pills were discovered.  The United States also proffered Defendant's wife has admitted to struggling with addiction issues, which causes the United States concern should Defendant be released to live with her during the infancy of his sobriety.   The Court was given no information whether she is currently seeking substance abuse treatment.  Moreover, the United States has proffered that she had criminal exposure in this matter, making her a potential co-defendant and/or witness in the underlying prosecution.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.  Based on the United States' proffer, there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of nonappearance.

Turning to his history and characteristics, Defendant is 29 years old and was born in Richland, Washington.  He is a lifelong resident of the Tri-Cities area.  His mother, two siblings, and his wife all reside in the district.  Prior to his arrest, Defendant resided with his wife and her two children in Richland, Washington.  Defendant does not currently have a United States passport as it was seized related to the instant offense.  Defendant reported that he had taken a trip to Mexico in

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION - 3

February 2020 for vacation and denied any other foreign travel.  In contrast, the United States reported that Defendant had made 16 crossings to Mexico since December of 2019.  Defendant was not employed at the time of his arrest, though he believes he could secure employment were he to be granted pretrial release.

Defendant has a substantial criminal history beginning at the age of 18. Notably, Defendant has been charged with possession of a controlled substance on five occasions (in 2009, 2010, 2011, 2013, and 2014) and delivery of heroin in 2011.  He has been convicted of several weapons offenses, including possession of a dangerous weapon twice in 2013 and once in 2014, aiming a firearm at a person in 2013, and fourth degree assault in 2014.  He was also convicted of several counts of burglary and financial fraud in 2015.  He completed his term of DOC supervision in September 2019, one month before the new conspiracy charge is alleged to have arose.

While the Court recognizes Defendant successfully completed inpatient treatment, the limited capacity of the United States Probation Office to provide the highly structured supervision Defendant would need due to COVID-19 gives the Court concerns about releasing Defendant.  Given the limited pretrial supervision available at this time due to COVID, including no home visits, limited drug testing, and substance abuse treatment being conducted mostly virtually, the Court finds that there are insufficient conditions available at this time to assure Defendant's

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION ~ 4

appearance at future court hearings and the safety of the community if he were to be released.

Defendant has not rebutted the presumption of detention. Moreover, the Court finds by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community and the Defendant's appearance at future court hearings.

**ACCORDINGLY, IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 27**) is **GRANTED.**

2. The Motion to Modify Conditions of Release (**ECF No. 111**) is **DENIED**.

3. Defendant shall be committed to the custody of the Attorney General pending disposition of this case or until further order of the Court. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. §

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION - 5

1  3142(f), that party shall file a motion with the Court, served upon the United

2  States Attorney, stating what circumstances are new, how they are established,

3  and the requested change in conditions of release.

4       5.    If a party seeks review of this Order by another court pursuant to 18

5  U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol

6  found in LCrR 46(k).

7      DATED October 6, 2020.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND GRANTING THE UNITED STATES' MOTION FOR DETENTION - 6